UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OCTOBER 16, 2025

UNITED STATES OF AMERICA

V.

JESUS MANUEL SALGADO, Jr

Defendant

CASE NO. 4:24-cr-225-7

United States Courts
Southern District of Texas
FILED

NOV 06 2025

Nathan Ochsner, Clerk of Court

MOTION FOR REVOCATION OF DETENTION ORDER 18 U.S.C. 3145(B)

MOTION FOR DE NOVO JUDICIAL REVIEW OF DETENTION ORDER

MOTION FOR RELEASE OF CUSTODY

   COMES NOW, the Defendant, Jesus Salgado, seeking pretrial review of the DETENTION ORDER in Case NO. 4:24-cr-225-7. Evidence has been developed in this case that establishes defendants innocence. Due to said developments it is the defendants position that denial of bail would implicate due process violations contrary to the U.S. Constitution. Therefore, the statutory framework to decide when to grant bail is also being violated.

   Due to these developments it is Mr. Salgado position that the DETENTION ORDER should be reviewed, and due to his innocence he should be granted bail immediately. This Honorable Court should allow relief and set release conditions as allowed under the law, and said defendant should be released. Motion for REVOCATION shall be determined promptly set forth in 18 U.S.C. 3145(B).

STANDARD OF REVIEW FOR DETENTION ORDER

DE NOVO Review following the guidelines set forth in 18 U.S.C 3142. The Judicial Officer must consider the statutory factors set forth in 18 U.S.C. 3142(G).

(1) the nature and circumstances of the offense charged;
(2) the "weight of evidence" against the defendant
(3) the history and characteristics of the defendant; and
(4) "the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release."

## HISTORY & FACTS

Factor 1 and 2: Nature and Circumstances of the offense and Weight of Evidence.

The "nature of the charges" against Mr. Salgado, herein also the defendant; are Aiding & Abetting Kidnapping and Aiding & Abetting Hostage Taking. These would typically weigh against release.

The mere existence of a grand jury indictment for such serious crimes is sufficient to establish probable cause for purposes of triggering the rebuttable presumption of dangerousness in 18 U.S.C 3142(E).

Because Mr. Salgado is charged in such a Criminal Complaint the magistrate judge could certainly have found probable cause sufficient to trigger the rebuttable presumption of dangerousness under 18 U.S.C 3142(E) based on his inference from the existence of the indictment.

The "weight of evidence" against Mr. Salgado in the first place is weak. The FBI is in possession of text messages that prove Mr. Salgado WITHDREW from the crimes once he realized kidnapping, etc, had taken place. See. U.S v. Starrett, 55 F. 3d 1525, 1550-51 (11th Cir. 1995) (Withdrawal defense must be accompanied by evidence that withdrawal was communicated to alleged Co-conspirator's). The text messages at issue proves Mr. Salgado communicated his withdrawal to his alleged Co-conspirators.

Further evidence in the text messages and pictures only proves he reentered the crimes AFTER he was threatened by a second group's members, and they came to his house. Cf. U.S v. Toney, 27 F. 3d 1245, 1248 (7th Cir. 1994) (Coercion or Duress requires direct evidence of a threat's existence); see also, U.S v. Liu, 960 F. 2d 449, 453 (5th Cir. 1992) (Coercion or Duress follow the same four elemental framework). The FBI Agents interviewing Mr. Salgado acknowledged he was "dragged into this case." They also acknowledged he had been threatened via text messages.

## ARGUMENT

Factor 1 and 2: Nature and Circumstances of the offense and Weight of Evidence.

Id. (element(1)); There is no proof Mr. Salgado 'recklessly or negligently' placed himself in this situation.

Id. (element(2)); He had no 'reasonable legal alternative to violating the law' where those threatening him came to his house and had taken pictures of him and then texted this information to him.

Id. (element(3)); and there is a direct causal relationship to be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm.

Id. (element(4)); Mr. Salgado returned to group (A) (the kidnappers) only after being threatened by group (B). He steadily maintained contact to get group (A) address or location in order to forward it to group (B) (the MAFIA Associates) who had come to his house threatening him, thus, fulfilling element (4). Yet, the FBI agent affidavit omitts these exculpatory facts from presentation. When considering the "weight of evidence" to include these exculpatory text chains would dramatictly tilt the scale for bail heavily in favor of granting the defendant bail.

It is because of these exculpatory text chains for example that the FBI did not arrest Mr. Salgado until 74 days after the crimes were committed. Mr. Salgado argues that the latter text chains prove coercion took place. He argues that this is why the bail hearing should be reopened pursant to 18 U.S.C. 3142(B)(F).

HISTORY & FACTS II

Factor 3: History and Characteristics of the Defendant.

While certain statutory review factors, such as the "nature of the crime" and "weight of evidence" explored above, may naturally implicate relevance to an inquiry of safety rather than one of appearance, numerous courts have recognized that the seriousness of the charge and the weight of the evidence can creat a strong incentive for a defendant's flight. However, eliminating or reducing the possibility would therefore mitigate the risk. Because the evidence in the FBIs possession calls into question the very basis for the charges against Mr.Salgado, this Court should feel the risk of flight has substantially decreased.

Importantly, the only rational given by the magistrate for concluding that Mr. Salgado poses a flight risk appears inexricably linked with the defendants indictment for a serious charge. The pretrial report on which the magistrate judge's flight riskddetermination concluded Mr. Salgado to be a flight risk because of his original indictment. There is NO indication from the pretrial report that Mr. Salgado violated any terms of release. Further more at the time of his arrest Mr.Salgado has No prior arrest nor pending charges in the State or Federal.

There is NO indication that Mr. Salgado would fail to appear at hearing in relation to these charges. Likewise, the pretrial report concluded that based on Mr. Salgado's instant charges as alleged Mr. Salgado is considered a danger to the community. The logical conclusion is that Mr. Salgado was deemed to be a flight risk and a danger to the community because of his arrest on the instant ch charges, since he has NO criminal history whatsoever.

Without this arrest for such serious charges the information about Mr. Salgado's history and character would weigh heavily in favor for bail because it is so lacking in detail and sparse, leans only heavily in favor of release.

Accordingly, Mr. Salgado was born in Amerst, Ohio. He moved to Texas with his parents when he was six years old. He has maintained his residence here in Houston, Tx since then. His mother Jacauline Salgado lives in the area. His long term girlfriend Duong Huynh also lives at the Defendants last known address. He also claims to have a four year old daughter who lives here. Mr. Salgados mother has made herself available and indicated she is willing to offer her house to secure bail, it's currently worth around $350,000 with about $100,000 in equity. Mr. Salgado herein states that his mother is willing to be qualified by pretrial services as a third party custodian to insure his compliance with any release conditions which may be set.

## ARGUMENT II

In sum, with no criminal history, Mr. Salgado has verified ties to the community and to a family willing to assist the courts in his compliance with release conditions.

There is no evidence, as has been shown in other detention review cases, that Mr. Salgado has access to large quantities of cash that would aid his ability to run or hide from law enforcment while on bond, or that he has family & friends outside the Houston area. There is no evidence showing the defendant has a history of violating release conditions, or that he is a drug user. Neither is there any evidence relating to a retributive tendency or violent reputation, or any other testimony from anyone who knows Mr. Salgado that would provole specualtion about either his potential to flee or his potential to be a danger to the community. All of these elements therefore weigh heavily in Mr. Salgado's favor for release.

## HISTORY & FACTS III

Factor 4: The Nature and Seriousness of the Danger Posed by
         Defendant's Release.

The safety of the community can be reasonably assured without being absolutely guaranteed. Although there is no witness to implicate Mr. Salgado in this case, such that the evidence is nonexistent, the government has not produced any evidence bearing on any specific danger posed by the defendant to any victim(s) or witness. The government has introduced no evidence alleging that Mr. Salgado would pose a threat to anyone.

Typically, new evidence arises in rebuttal to a presumption favoring detention that relates to a defendant's character, bearing

on either risk or dangerousness. Here, the evidence alluded to bears on Mr. Salgado innocence, something not normally considered at this stage of the proceedings. Mr. Salgado is a defendant in a case, however, where he faces extremely serious charges - charges which themselves create a presumption of risk- yet charges which Mr.Salgado has shown are weakly substantiated. In such a case, casting doubt on the charge itself while also casting a shadow in the direction of the entire detention order, given that the detention was so highly grounded on the charges.

CONCLUSION

It should be the view of the court that the government burden to show that no condition or combination of conditions will reasonably assure Mr.Salgado's appearance and the safety of the community has not been met. The defendant's Motion for Revocation of Detention Order under 18 U.S.C. 3145(B) and Motion for Release of Custody on Bail is supported by law, facts and evidence that exists that proves Mr.Salgado acted under extreme duress or coercion. Do to the new evidence the Defendant ask this Honorable Court to Grant Revocation of Detention Order and also Grant Motion for Release of Custody on Bail to a third party custodian, being Defendants mother that will insure Defendant's compliance with any and all release conditions which may be set.

Respectfully submitted this 16th day of October,2025.

s/ *[signature]*
      Defendant
JESUS MANUEL SALGADO JR.
#12194506
Federal Detention Center
P.O. Box 526255
Hosuton, Tx 77052

Jesus Salgado #12194-506
Federal Detention Center Houston
PO Box 526255, Houston, TX 77052



United States Courts
Southern District of Texas
FILED

NOV 06 2025

Nathan Ochsner, Clerk of Court

United States District
Clerk's Office
P.O. Box 61010
Houston, TX 77208-101